**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| ALVE CAMPBELL, and ) | |
| GERSIA INNOCENT-CAMPBELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. |
| ) | |
| UNITED AUTO CREDIT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' COMPLAINT**

Plaintiffs, ALVE CAMPBELL and GERSIA INNOCENT-CAMPBELL (hereinafter "Alve" and "Gersia" respectively and "Plaintiffs" collectively), by and through their attorneys, Hormozdi Law Firm, LLC, allege the following against Defendant, UNITED AUTO CREDIT CORPORATION ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiffs' Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant

to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Each Plaintiff is a natural person residing in the City of Pembroke Pines, Broward County, State of Florida.

8. Each Plaintiff is a consumer as that term is defined by the FCCPA.

9. Each Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

10. Defendant is a debt collector as that term is defined by the FCCPA.

11. Each Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

13. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiffs.

14. Defendant is a California business corporation headquartered in the City of Newport Beach, Orange County, State of California.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiffs, allegedly arising from a deficiency balance on an automobile loan.

18. The alleged debt owed by Alve arises from transactions for personal, family, and household purposes.

19. In or around April 2014, Alve purchased a vehicle financed by Defendant.

20. In or around June 2014, Alve surrendered the vehicle to Defendant.

21. Alve denies and disputes owing anything to Defendant.

22. Gersia has no connection to the alleged debt.

23. In 2014, Defendant began calling Alve on Alve's cellular telephone, at 786-419-7944, in an attempt to collect the alleged debt.

24. In 2014, Defendant began calling Gersia on Gersia's cellular telephone, at 786-419-3744, in an attempt to collect the alleged debt.

25. Defendant calls Plaintiffs from several telephone numbers, including 800-833-1940, which is one of Defendant's many telephone numbers.

26. On several occasions since Defendant began calling Plaintiffs, Plaintiffs have answered Defendant's collection calls and told Defendant to stop calling them.

27. On several occasions since Defendant began calling Plaintiff, Plaintiffs have answered Defendant's collection calls and disputed owing the alleged debt.

28. Despite Plaintiffs' requests that Defendant stop calling them, Defendant has continued to call Plaintiffs unabated in an attempt to collect on the alleged debt—for approximately six years.

29. Defendant calls Plaintiffs at an annoying and harassing rate.

30. Defendant also sends collection letters to Plaintiffs.

31. There have been no transactions with regard to the alleged debt since sometime in 2014.

32. The statute of limitations has passed for bringing legal action against Plaintiffs to collect on the alleged debt.

33. In its communications with Plaintiffs regarding the alleged debt:

    a. Defendant attempted to collect a time-barred debt from Plaintiffs without disclosing that the Defendant could not sue Plaintiffs to collect on the alleged debt;

    b. Defendant attempted to collect a time-barred debt from Plaintiffs without disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations; and

    c. Defendant attempted to collect a time-barred debt from Plaintiffs without disclosing that a promise to pay the alleged debt would revive/reset the statute of limitations.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

35. The natural consequences of Defendant's statements and actions was to cause Plaintiffs mental distress.

36. Defendant's above-referenced actions were calculated to coerce Plaintiffs into payment of the alleged debt.

37. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiffs for their non-payment of the debt Plaintiffs allegedly owe.

38. Within four years of Plaintiffs filing this Complaint, Defendant used an automatic telephone dialing system (hereinafter "ATDS") and/or a pre-recorded or artificial voice to

call Plaintiffs' cellular telephones without prior express consent and/or after revocation of such consent.

39. All of the telephone calls Defendant made to Plaintiffs were an attempt to collect on an alleged debt.

40. None of the calls Defendant made to Plaintiffs were for an emergency purpose.

41. Prior to calling Plaintiffs' cellular telephones, Defendant knew the numbers were cellular telephone numbers.

42. All of the calls Defendant made to Plaintiffs' cellular telephones resulted in Plaintiffs incurring a charge for incoming calls.

43. During at least one conversation, Defendant learned that Plaintiffs wanted Defendant to stop calling Plaintiffs' cellular telephones.

44. Plaintiffs have never given to Defendant prior express consent to contact Plaintiffs as described herein.

45. Even if at one point Defendant had prior express consent to call Plaintiffs' cellular telephones, Plaintiffs revoked their consent as described above.

46. Defendant continued to call Plaintiffs' cellular telephones after Defendant knew Plaintiffs wanted the calls to stop.

47. When Plaintiffs answered Defendant's calls, they were sometimes greeted by a message spoken by a pre-recorded or artificial voice. After several seconds, an agent was connected to the automated call then greeted Plaintiffs and sought to speak with Plaintiffs in an attempt to collect on the alleged debt.

48. When Plaintiffs answered Defendant's calls, they were sometimes greeted with "dead air" whereby no person was on the other end of the line. After several seconds, an agent was

connected to the automated call then greeted Plaintiffs and sought to speak with Plaintiffs in an attempt to collect on the alleged debt.

49. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to store telephone numbers.

50. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers automatically.

51. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call stored telephone numbers without human intervention.

52. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers in sequential order.

53. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones has the capacity to call telephone numbers randomly.

54. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

55. The telephone dialer system Defendant used to call Plaintiffs' cellular telephones simultaneously calls multiple recipients.

56. The dead air that the Plaintiffs sometimes experienced on the calls that they received is indicative of the use of an ATDS.  This "dead air" is commonplace with autodialing and/or predictive dialing equipment.  It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated.  Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call

that the autodialer placed, without human intervention, to Plaintiffs. The dead air is essentially the autodialer holding the calls it placed to Plaintiffs until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiffs' cellular telephones would have been on the other end of the call the entire time and Plaintiffs would have been immediately greeted by said person.

57. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiffs' cellular telephones without prior express written consent, Defendant caused Plaintiffs harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiffs' privacy;
   b. Electronically intruding upon Plaintiffs' seclusion;
   c. Intrusion into Plaintiff's use and enjoyment of their cellular telephone;
   d. Impermissibly occupying minutes, data, availability to answer another call, depleting and wear and tear on the battery, and various other intangible rights that Plaintiffs have as to complete ownership and use of their cellular telephones; and
   e. Causing Plaintiffs to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

58. Plaintiffs repeat and re-allege paragraphs 1-57 of Plaintiffs' Complaint as the allegations in Count I of Plaintiffs' Complaint.

59. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system and/or pre-recorded or artificial voice without prior express consent and/or after revocation of such consent in violation of 47

U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, ALVE CAMPBELL and GERSIA INNOCENT-CAMPBELL, respectfully request judgment be entered against Defendant, UNITED AUTO CREDIT CORPORATION, for the following:

60. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Plaintiffs are entitled to and seek injunctive relief prohibiting such conduct in the future.

63. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

64. Plaintiffs repeat and re-allege paragraphs 1-57 of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

65. Defendant violated the FCCPA based on the following:

    a. Defendant violated the § 559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family when Defendant attempted to collect a debt from Plaintiffs with a

       barrage of robocalls and even continued to do so after being told by Plaintiffs to stop calling them; and

   b. Defendant violated the § 559.72(9) of the FCCPA by its claims, attempts, or threats to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiffs, ALVE CAMPBELL and GERSIA INNOCENT-CAMPBELL, respectfully request judgment be entered against Defendant, UNITED AUTO CREDIT CORPORATION, for the following:

66. Statutory damages of $1,000 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

67. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

68. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

[SPACE INTENTIONALLY LEFT BLANK]

69. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

June 11, 2020                    By: /s/ Shireen Hormozdi
                                 Shireen Hormozdi
                                 Florida Bar No. 882461
                                 Hormozdi Law Firm, LLC
                                 1770 Indian Trail Lilburn Road, Suite 175
                                 Norcross, GA 30093
                                 Tel: 678-395-7795
                                 Fax: 866-929-2434
                                 shireen@agrusslawfirm.com
                                 shireen@norcrosslawfirm.com
                                 Attorney for Plaintiffs